UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV657-J

TERESSEA G. HELM                                                            PLAINTIFF

VS.

MICHAEL J. ASTRUE,
      Commissioner of Social Security                          DEFENDANT

MEMORANDUM AND ORDER

Before the Court is the complaint of Teressea G. Helm ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

Administrative History

On January 16, 2004, Claimant filed application for disability insurance benefits and supplemental security income payments, alleging that she became disabled as of November 25, 2003. After a hearing Administrative Law Judge Roland D. Mather found that claimant's depressive disorder and degenerative disc disease with low back pain were severe impairments that prevented her from performing any of her past relevant work, but that she retained the capacity for a significant number of jobs. The Appeals Council denied review on October 17, 2008.[1]

---

[1] As detailed in the Court's September 3 order (Docket Entry 25), this appeal addresses only the evidence available to Judge Mather, and does not concern Ms. Helm's subsequent disability application.

### Standard of Review

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

### Arguments on Appeal

Plaintiff contends that the ALJ erred in failing to accord the proper weight to the opinion of her treating physician. Dr. Rolando Cheng completed a Physical Capacities Evaluation form on June 8, 2004. He opined that Ms. Helm would need to lie down during the day at unpredictable intervals, that she could sit for less than two hours in a work day, could stand and walk for less than two hours in a work day, and that she could only occasionally lift as much as five pounds. Tr. 159.

The courts have long held that the treating physician – especially one who has seen the patient over a period of time -- is in a unique position to evaluate the functional impact of an impairment on her or his patient, and the law recognizes the importance of that point of view by according deference to the opinions of treating physicians. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court again confirmed the weight ordinarily due the opinion of a

treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

A treating physician's opinion, if uncontradicted, should be given complete deference. See, e.g., Walker v. Secretary of Health & Human Servs., 980 F.2d 1066, 1070 (6th Cir.1992). A treating physician's opinion is entitled to controlling weight if the Commissioner finds "that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. Sec. 404.1527(d)(2)(1999). In other words, the opinion of a treating physician need not be given *controlling* weight unless supported by clinical or diagnostic findings. See Walters v. Commissioner of Social Security, 127 F.3d 525, 530 (6th Cir.1997); Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir.1993); Kirk v. Heckler, 742 F.2d 968, 973 (6th Cir.1984). However, "in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for *controlling* weight. Rogers v. Commissioner of Social Security, 486 F.3d 234, 242 (6th Cir. 2007).

In according "little weight" to Dr. Cheng's opinion, the ALJ noted that he saw Ms. Helm on only three occasions and that his office notes record "little to no objective medical findings other than 'moderate' limitation in range of motion." Tr. 23. The ALJ also noted that during the four months of Dr. Cheng's relevant treatment, Ms. Helm was examined by Dr. Shivakumar, who found normal gait, normal grip, a normal motor strength.

Plaintiff points out that Dr. Shivakumar stated that Ms. Helm should not lift or carry "significant weights." Tr. 136. In fact, he opined that she could lift and carry "ten to fifteen pounds" for short periods of time. Tr. 135. The Court notes that Dr. Shivakumar also opined that she would be "limited in prolonged brisk walking," but he did not attempt to quantify "prolonged."

Thus, the initial question is whether Dr. Cheng's opinion is uncontradicted. In view of Dr. Shivakumar's findings, the Court finds no error in the ALJ's determination that Dr. Cheng's opinion was contradicted. The next question, therefore, is whether the ALJ provided clear reasons for limiting the weight accorded to Dr. Cheng's opinion. While plaintiff suggests that medical records demonstrating degenerative disc disease constitute "objective medical evidence" in support Dr. Cheng's opinion, a distinction must be made between the existence of an impairment (as to which there is no dispute here) and any objective evidence of *functional limitations* flowing from that impairment. Such evidence might consist of such matters as changes in grip strength, muscle atrophy, gait abnormalities, etc. There is nothing in Dr. Cheng's notes (or the records upon which he relied) that provides objective evidence of the functional limitations he described. The Court finds no error in the ALJ's treatment of Dr. Cheng's opinion.

Plaintiff next argues that the ALJ erred in evaluating the credibility of her testimony, which the ALJ found "only fair at best." The issue was whether her pain was of disabling severity, as she testified, or whether it caused her discomfort but was not disabling, as the ALJ found.

It is well-established that resolving conflicts in the evidence and deciding questions of

4

credibility are matters within the province of the ALJ. Wright v. Massanari, 321 F.3d 611 (6th Cir. 2003). SSR 96-7p provides instruction on credibility evaluation as follows:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

20 C.F.R. § 404.1529© describes the kinds of evidence, including the factors below, that the adjudicator is to consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1) Daily activities;

2) The location, duration, frequency, and intensity of pain or other symptoms;
3) Precipitating and aggravating factors;

4) The type, dosage, effectiveness, and side effects of any medication taken to alleviate your pain or other symptoms;

5) Treatment, other than medication, received for relief of pain or other symptoms;

6) Any measures used to relieve pain or other symptoms (e.g., lying flat on the back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

7) Other factors concerning functional limitations and restrictions due to pain or other symptoms.

The ALJ observed that Ms. Helm stopped working in order to care for her husband, who had suffered a stroke. Her daily activities include cooking, laundry, dishwashing, bedmaking, grocery-shopping, and caring for her personal needs. The records reflect that her pain

medications were effective and that she now takes only over-the-counter pain medication. The ALJ also identified some inconsistencies regarding her reports of leg pain. Tr. 23.

Regardless of whether the undersigned would have made a different determination regarding credibility, the ALJ's credibility assessment must be affirmed if it was conducted in accordance with the regulations, and if it is supported by substantial evidence. In this case, the analysis meets both tests.

As there is no error of law and substantial evidence exists to support the ALJ's determination, the decision of the Commissioner must be affirmed. An order in conformity has this day entered.